BARBEE *v.* INMAN and Others.

The answer to a bill in equity for a specific performance of a contract under seal stated, *inter alia*, conversations, &c. of the parties which occurred before and at the time of the execution of the contract, varying its terms, &c. *Held*, that that part of the answer should be struck out as impertinent.

The defendant, also, instead of stating directly in answer to the bill whether he had or had not executed the contract, merely alleged that he could not recollect whether the contract set out in the bill was a correct copy of the agreement he had signed. *Held*, that that part of the answer was also exceptionable.

If, in such suit, there be any good reason why the defendant should have an inspection of the instrument, to enable him to give a direct answer as to his execution of it, he may, on affidavit, have an order for such inspection.

SUIT in chancery certified from the *St. Joseph* Circuit Court. *Saturday, November* 28.

BLACKFORD, J.—Bill for a specific performance of a contract under seal for the conveyance of real estate. The bill makes profert of the instrument.

The answer of *Inman, inter alia*, states conversations and parol agreements of the parties made previously to, and at the time of, the execution of the contract, varying its terms and adding conditions not noticed in the instrument. This defendant, also, instead of stating directly in answer to the bill whether he had or had not executed the contract, merely

Nov. Term, 1840.

GENUNG
v.
THE BOARD OF
COMM'RS., &c.

says that he cannot recollect whether the contract set out in the bill is a correct copy of the agreement which he signed. These parts of *Inman's* answer are excepted to.

So much of the answer as relates to the conversations and parol agreements to which we have alluded, must be struck out as impertinent. Those matters are inadmissible as evidence, and ought not to be in the answer. The part of the answer respecting the execution of the instrument, is insufficient. The excuse given for not answering positively on the subject is not valid. If there were any good reasons why the defendant should have had an inspection of the instrument, to enable him to give a direct answer as to his execution of it, he might, on affidavit, have had an order for such inspection. The exception to this part of the answer is allowed; and the defendant must answer further as to the execution of the instrument by the first day of the next term.